# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6128 | **DATE** | 11/8/2002 |
| **CASE TITLE** | Ellen White Janes vs. Chicago Board of Education | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's Motion *In Limine* to bar evidence of certain alleged ageist comments by Miguel Trujillo is granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | |
| | Notices mailed by judge's staff. | | |
| | Notified counsel by telephone. | |
| ✓ | Docketing to mail notices. | |
| | Mail AO 450 form. | |
| | Copy to judge/magistrate judge. | |

NOV 12 2002 date docketed

number of notices

docketing deputy initials: 64

Document Number

97

TH ✓ courtroom deputy's initials

date mailed notice

mailing deputy initials

U.S. DISTRICT COURT
CLERK
02 NOV -8 PM 4:45
FILED

Date/time received in central Clerk's Office

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

ELLEN WHITE JANES, )
                 )
       Plaintiff, )    No. 00 C 6128
                 )
    v. )    Judge Amy J. St. Eve
                 )
CHICAGO BOARD OF EDUCATION, )
                 )
       Defendant. )

DOCKETED

NOV 1 2 2002

### MEMORANDUM OPINION AND ORDER

Plaintiff Ellen White-Janes ("Janes") has sued the Chicago Board of Education ("the Board") for alleged age discrimination in connection with its decision to terminate her and its later refusal to rehire her. The Board has moved *in limine* to bar evidence of certain alleged ageist comments by Miguel Trujillo, who was Janes' principal prior to her termination in 1999 and who interviewed Janes when she applied for a new teaching position in 2000. For the reasons set forth below, the Board's Motion is granted in part and denied in part.

### BACKGROUND

Plaintiff Ellen White-Janes was employed as a teacher by the Chicago Board of Education from 1969 to 1999, teaching elementary school and high school art. Most recently, Janes taught art at Roosevelt High School and served as chair of the art department.

During the 1997-1998 school year, the Board initiated a High School Curriculum Redesign, which increased the graduation requirements for incoming freshman but vested principals with some discretion in how to implement curriculum changes. In connection with the Curriculum Redesign, Roosevelt reduced the number of art classes available to students during

1

the 1998-1999 school year and displaced or reassigned three art teachers, including Janes. Pursuant to the Board's reassignment policy, Janes served as a full-time substitute that school year, and she applied for other teaching positions within the Chicago Public Schools. When she failed to obtain another such teaching position, however, Janes was terminated in August of 1999.

For the 2000-2001 school year, Roosevelt increased the number of art classes available to students and added a second full-time art teacher position, allegedly in response to increased enrollment. Roosevelt received seventeen applications for this position. Principal Miguel Trujillo and assistant principal Willard Uber interviewed ten of those candidates, including Janes. During these interviews, Trujillo and Uber "scored" the applicants based on their responses to various questions. Ultimately, Roosevelt hired Sonia B., who received the highest combined interview score from Trujillo and Uber.

Janes contends that the Board's decision to terminate and its refusal to re-hire her were motivated by age discrimination. Janes has indicated that she will seek to support her claims by introducing evidence of alleged ageist comments by Trujillo, including:

> (1) testimony by Janes that Trujillo told a faculty meeting at the beginning of the 1997-1998 school year that "we are going to get rid of the old deadwood from this faculty. Look around. You will not see everybody you see today next year." (R. 40-1, Pl.'s Mot. *in Limine*, at Ex. A, p. 51);
>
> (2) testimony by Joyce Dabbouseh (who was also a teacher at Roosevelt) that Trujillo's commented during a meeting in the Spring of 1998 that as part of his plan for improving Roosevelt he was going to "bring in new, young and energetic" teachers and get rid of the "old dead wood" (*id.* at Ex. B, ¶ 3);
>
> (3) testimony by Dabbouseh that in the Fall of 1998 Trujillo said

2

that he was energizing the school by replacing the "older teachers" (*id.* at Ex. B, ¶ 4);

(4) testimony by Angela Volpe (who was also a teacher at Roosevelt) that during a faculty meeting at the start of the 1997-98 school year Trujillo indicated that he intended to get rid of all the "old dead wood" at the school," and that he intended to "energize" Roosevelt and "drive the older teachers" out of the school (*id.* at Ex. C, ¶ 3); and

(5) testimony by Volpe that Trujillo told her the Fall of 1998 that he was "glad" that the younger teachers were "taking over the school" and voiced his frustration with older teachers who "weren't willing to change." (*Id.* at Ex. C, ¶ 3).

The Board argues that these alleged statements by Trujillo are in admissible, and it has moved *in limine* to have them excluded at trial. The Board argues that these statements should be barred because: (1) they were not made by a decision maker; (2) they were not made contemporaneously with the decision to layoff Janes; and (3) they were simply stray remarks and not probative of any discriminatory intent.

## ANALYSIS

It is clear that courts have the power to exclude evidence *in limine* under their authority to manage trials. *Aguilar v. Dixon*, No. 93 C 1936, 1995 WL 319621, at *3 (N.D. Ill. May 25, 1995) ("Pursuant to its power to manage trials, the court may exclude evidence in limine."). Court should grant such motions, however, "only when evidence is clearly inadmissible on all potential grounds." *Hawthorne Partners v. AT & T Technologies, Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). Furthermore, evidentiary rulings should generally "be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.*; *see also Noble v. Sheahan*, 116 F.Supp.2d 966, 969 (N.D. Ill. 2000).

3

In order for an alleged ageist statement to serve as evidence of discrimination, it must be "made by a decision maker," *Stopka v. Alliance of American Insurers*, 141 F.3d 681, 688 (7th Cir. 1998), or by one "who provide[s] input into the decision," *Hunt v. City of Markham*, 219 F.3d 649, 652 (7th Cir. 2000), and the statement must be "related to the employment decision at hand." *Stopka*, 141 F.3d at 688. Such comments or remarks "must be contemporaneous with the discharge or causally related to the discharge decision making process." *Wichmann v. Board of Trustees of Southern Illinois University*, 180 F.3d 791, 801 (7th Cir. 1999) (quotations and citations omitted). A remark which is unrelated to the employment decision, however, may still be relevant to determining the issue of prextext under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), even if it is not direct evidence of discrimination. *Huff v. UARCO, Inc.*, 122 F.3d 374, 385 (7th Cir. 1997).

## A.    Trujillo's Statements as Direct Evidence Relating to Janes' Termination Claim.

Janes seeks to introduce evidence concerning Trujillo's alleged ageist comments as direct evidence in support of her termination claim, but the parties dispute Trujillo's role in Janes' termination. The Board suggests that the decision concerning which of the four art teachers to retain for the remaining art teacher position at Roosevelt was decided solely on the basis of seniority, and the Board argues that the decision to terminate Janes was not motivated by age. Thus, the Board argues that Trujillo was not a decision maker and that he provided no "input into the decision" concerning the teacher cuts that resulted in Janes' termination.

Janes maintains, however, that Trujillo was a decision maker because he had flexibility in how to implement the Curriculum Redesign at Roosevelt. She suggests that Trujillo could have

4

accepted fewer cuts in the art department if not for his bias against older teachers, and that Trujillo manipulated the curriculum cuts in order to eliminate more older teachers. Janes has alleged, therefore, that Trujillo was a decision maker with respect to her termination claim.

Resolution of the dispute over of Trujillo's role in Janes' termination is essential to the question whether his alleged ageist comments will be admissible as direct evidence in support of Janes' termination claim. At this stage, however, it is unclear whether Trujillo is properly considered a decision maker with respect to Janes' termination, and therefore, it is unclear whether his comments will be admissible at trial. Janes' will have to lay a foundation demonstrating that Trujillo was a decision maker with respect to Janes' termination in order for those comments to be admissible.

Even if Janes demonstrates that Trujillo was a decision maker with respect to her termination, however, Trujillo's alleged statements to Volpe in the Fall of 1998 amount to stray comments. There is no suggestion that Trujillo's remarks that he was "glad" that the younger teachers were "taking over the school" and his frustration with older teachers who "weren't willing to change" were made in direct response to an inquiry regarding Janes' position. Because these comments are not casually related to the decision to terminate Janes and do "not indicate an opinion that 'older' individuals should stop working or be terminated," these comments are not admissible to support Janes' termination claim. *Hoffman v. MCA, Inc.*, 974 F.Supp.1149, 1156 (N.D. Ill 1997). *See also Gorence v. Eagle Food Centers, Inc.*, 242 F.3d 759, 763 (7th Cir. 2001) (comment by decision maker that "he didn't want to talk to any middle-aged menopausal women" did not establish that plaintiff was not hired because she was a middle-aged woman); *Fortier v. Ameritech Mobile Comm., Inc.* 161 F.3d 1106, 1113 (7th Cir. 1998) (finding that

5

statements such as needing "new blood" or employees with a "lot of energy" do not raise age discrimination inference).

## B.   Trujillo's Statements as Direct Evidence Relating to Janes' Failure to Re-Hire Claim.

Janes also seeks to introduce evidence of Trujillo's alleged ageist comments to support her failure to re-hire claim. It is uncontested that Trujillo was a decision maker with respect to Janes' claim relating to the Board's failure to rehire her in 2000. Trujillo interviewed Janes and the other candidates for the art teacher position at Roosevelt in 2000, and decided, along with Uber, to hire someone else.

The Board contends that Trujillo's comments are nonetheless inadmissible with respect to Trujillo's decision not to re-hire Janes because those comments are not contemporaneous with or causally related to his decision not to re-hire her. This Court agrees. Trujillo's alleged ageist statements from 1997 and 1998 are not contemporaneous with his decision not to rehire Janes some two years later, and thus, it cannot be said that those statements are "related to the employment decision at hand." *See, e.g., Indurante v. Local 705, Intern. Broth. of Teamsters, AFL-CIO*, 160 F.3d 364, (7th Cir. 1998) (holding alleged discriminatory comments inadmissible in part because "the statements of Burke and McCormick are not contemporaneous with Indurante's firing; they come about 16 months earlier."); *Geier v. Medtronic*, 99 F.3d 238, 242 (7th Cir.1996) (comments made a year prior to a discharge were inadmissible because the comments were "not temporally related" to the termination). Thus, evidence concerning Trujillo's alleged ageist comments is inadmissible for purposes of Janes' failure to rehire claim.

6

## CONCLUSION

For these reasons, Defendant's Motion *in Limine* to bar evidence of certain alleged ageist comments by Miguel Trujillo is granted in part and denied in part.

DATED: November 8, 2002         ENTERED

AMY J. ST. EVE
United States District Judge